FORTUNA ESTATES, PETITIONER, *v.* TEXIDOR, DISTRICT JUDGE, ET AL., RESPONDENTS.

PETITION for a Writ of Prohibition to the District Court of San Juan, Section 1, and José E. Benedicto, Treasurer of Porto Rico, in an Action for the Refund of Taxes Paid Under Protest.

No. 17.—Decided April 8, 1918.

WRIT OF PROHIBITION—DEFEAT OF RIGHT.—In order to apply that part of the act authorizing writs of prohibition which provides that the writ shall issue "when by the exercise of its jurisdiction the inferior court will defeat a legal right," it must appear that such right is of real importance and that its defeat is manifest.

ID.—DISCRETION OF COURT.—The issue of a writ of prohibition rests in the sound discretion of the court except in a few cases.

STIPULATION—STAY OF PROCEEDINGS.—The stipulation of the parties that the proceedings in a certain action be suspended until another action which was then pending before the Supreme Court had been disposed of by the court of last resort was considered in connection with the order of the district court staying the proceedings until the case should be decided by the Supreme Court. The Supreme Court had disposed of the case and although another appeal was taken subsequently in the same case from a later judgment of the district court and was pending, it was held that from the date of the decision of the Supreme Court the position of the parties was the same as it was before they made the stipulation and that they were at liberty to continue the proceedings formerly stayed.

The facts are stated in the opinion.

*Mr. O. B. Frazer* for the petitioner.

*Mr. Howard L. Kern,* Attorney General, for respondent Benedicto.

Respondent Texidor appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

In action No. 8727 brought by Fortuna Estates against

José E. Benedicto, Treasurer of Porto Rico, for the refund of taxes, the attorneys for both parties made the following—

"STIPULATION :

"The undersigned attorneys, in representation of the plaintiff and the defendant in the above-entitled action, hereby stipulate and agree that all the proceedings in this case be stayed until the case of *The Ensenada Estates, Inc.*, v. *Allan H. Richardson, Treasurer of Porto Rico*, now pending before the Supreme Court of Porto Rico, shall have been disposed of by the court of last resort.—San Juan, Porto Rico, March 28, 1916.—Francis E. Neagle, attorney for the plaintiff.—Howard L. Kern, Attorney General and Attorney for The People of Porto Rico."

The stipulation having been submitted to the court, the following order was entered on March 29, 1916:

"After considering the stipulation filed by the attorneys for the parties in each of these cases the court approves the same and orders a stay of all the proceedings therein until the case of *Ensenada Estates, Inc.*, v. *Allan H. Richardson, Treasurer of Porto Rico*, shall have been disposed of by the Supreme Court of Porto Rico."

The case of *The Ensenada Estates, Inc.*, v. *Allan H. Richardson, Treasurer of Porto Rico*, referred to in the stipulation and pending in this court on March 29, 1916, was decided on July 28 of the same year and remanded to the district court of its origin for further proceedings. The district court again gave judgment against the plaintiff which once more appealed to this court, where its appeal is now pending.

At the regular call of the calendar the district court set March 1, 1918, for the hearing on a demurrer filed in said suit No. 8727, in which the said stipulation was made. The plaintiff appeared on the day set and opposed the hearing, invoking the stipulation. The court upheld its order and the defendants submitted the demurrer to the consideration of the court without argument.

Thereupon the plaintiff filed a petition in this court for a writ of prohibition, alleging that in ruling on the demurrer the District Court of San Juan would deprive the plaintiff

of an important legal right, namely, the lawful right to the faithful performance of the agreement by the defendant, and that the plaintiff would suffer damages, for the avoidance of which it had no adequate remedy at law. The writ was issued, the interested parties were heard and the matter was finally submitted to our consideration for decision.

According to the statute in force in Porto Rico (Comp. 1911, sec. 1343), a writ of prohibition is a writ issued by a superior court directed to the judge and parties of a suit in an inferior court commanding them to cease from the prosecution of the same, upon a suggestion that the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court; or when by the exercise of its jurisdiction the inferior court will defeat a legal right, or to prevent a judge from granting a new trial after the expiration of the trial term.

These proceedings involve neither a question of lack of jurisdiction nor one of granting a new trial. The petition is based on the allegation that in exercising the functions of its jurisdiction the court defeated a legal right, namely, the petitioner's right to have the trial stayed until a certain action had been disposed of by the court of last resort.

The practice which should be followed in issuing a writ of prohibition is regulated by statute, as is the case in Porto Rico, but its nature, purpose and function are governed by the common law (see 32 Cyc. 599).

A writ of prohibition is a writ of right which should be employed with great caution for the purpose of aiding justice and avoiding its interruption, and for securing order and safety in all the courts where there is no other ordinary remedy. Its lawful scope and purposes are to insure that the inferior courts act within the limits of their jurisdiction and to prevent them from usurping the jurisdiction of other courts. See 32 Cyc. 598.

Therefore, in accordance with the spirit of jurisprudence

and the origin and history of the law, in construing that part of the Porto Rican statute which provides that the writ shall issue "when by the exercise of its jurisdiction the inferior court will defeat a legal right," it must appear that such right is of real importance and that its defeat is manifest. Otherwise, since every erroneous interlocutory order rendered in a suit involves the defeat of a legal right, recourse could be had to the writ of prohibition in all such cases, thus impeding instead of promoting the proper administration of justice. In this connection we desire to say also that, according to the weight of authority, the issuance of a writ of prohibition, with few exceptions, rests in the sound discretion of the court. See 32 Cyc. 599.

Turning now to the merits of this case, we will say that in our opinion it is not clear that the district court defeated any legal right of the petitioner. The stipulation of the parties cannot be considered alone. It must be weighed in connection with the order of the court. *Succession of Criado* v. *Rivera et al.*, 25 P. R. R. 234; *González* v. *Acha*, 19 P. R. R. 1143. The order of the court was made on March 29, 1916, and its language is plain. The stay was limited to such time as the action then pending might be disposed of by the Supreme Court of Porto Rico, which was done on July 28, 1916. From that moment the stipulation became inoperative and the position of the parties was the same in this regard as it was before they signed the stipulation.

The attorney for the petitioner insisted that the stipulation specified the court of last resort. We have already said that the stipulation cannot be considered alone, but must be weighed in connection with the order of the court, which was acquiesced in by both parties. Nevertheless, if we pause a moment to consider the stipulation alone we find that the minds of both parties were really fixed on the court of last resort in case it should become necessary to resort to it within the appeal then pending, as would have been the case

if this court had affirmed the judgment appealed from instead of reversing it as it did.

In view of the foregoing the writ issued should be discharged, leaving the lower court at liberty to proceed as though this court had not interfered.

*Writ discharged.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.